[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
After a review of the record and after hearing arguments, the Court makes the following findings
(1) The plaintiff is aggrieved.
 (2) After reading the regulations, there is some confusion in the Court's mind as to whether these sections just cite objectives with no binding effect. And if that is the case, they would be innocuous. However, based on the action of the ZBA and claims made in oral argument, the Court can only conclude that those are the standards and conditions for obtaining a special permit in Stamford.
 (3) The Court finds through a review of the record that the plaintiff has complied with all of the ascertainable regulations and standards applicable to his application.
 (4) The Court also finds that the record fails to show that the plaintiff's application violated any zoning regulation in the city of Stamford.
 (5) The Court finds that Section 19.3.2(1), (2), (3) and (4) if considered to be standards, do not pass the constitutional test necessitating ascertainable standards. The Court finds that they are impermissibly vague. CT Page 6823 (6) As authority for the Court's finding directed at the regulations, the Court cites the case of Moshe Felsman v. Bridgeport Planning and Zoning Commission.
Therefore, the Court finds that the action of the Board in denying the plaintiff's application was illegal, arbitrary and in abuse of its discretion and hereby sustains the plaintiff's appeal.
The Court refers the matter back to the Board for action not inconsistent with this opinion.